## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MAKOVASSA NEWMAN,

     Plaintiff,

v.                                                                    Case No. 3:23-cv-81-MMH-MCR

WAL-MART STORES EAST, L.P., a
foreign limited partnership,

     Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Reply and Memorandum of Law to Show Good Cause Why This Case Should Remain in Federal Court and Not Be Remanded (Doc. 7; "Response") filed on February 10, 2023.  On January 23, 2023, Defendant Wal-Mart Stores East, L.P., ("Wal-Mart") filed Defendant's Notice of Removal of Action Under 28 U.S.C. Section 1441(b) (Diversity) (Doc. 1; "Notice") removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.  See generally Notice.  In the Notice, Wal-Mart invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because "the parties are diverse, and it appears to a legal certainty that Plaintiff can recover at least $75,000, exclusive of interests and costs," and Wal-Mart otherwise complied with the removal

requirements of 28 U.S.C. § 1441.  See id. at 9.  On January 26, 2023, the Court entered a Jurisdictional Order (Doc. 6; "Order") inquiring into its subject matter jurisdiction over this case.  See generally Order.  In the Order, the Court found that Wal-Mart had failed "to plausibly allege that the amount in controversy exceeds the jurisdictional threshold."[1]  See id. at 5.  Specifically, the Court noted that Wal-Mart's allegations rested on a seemingly redacted demand letter that was "too vague and conclusory to be given any weight."   Id.  Thus, the Court directed Wal-Mart "to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action."  Id. at 6.  On February 10, 2023, Wal-Mart filed its Response which, in the Court's view, continues to be insufficient to satisfy the Court's jurisdictional inquiry.   Plaintiff has also responded notifying the Court of her belief that Wal-Mart has not established the amount in controversy.   See

---

[1] Upon a more careful review of the Notice, the Court also observes that Defendant failed to allege the citizenship of Wal-Mart Stores, Inc., which it identifies as the "parent company" of Wal-Mart Stores East, LLC (the sole member of two different LLCs which, in turn, are the partners of Wal-Mart Stores East, L.P.).  See Notice at 4.  Even assuming that "parent company" means "sole member," the Notice does not identify Wal-Mart Stores, Inc.'s state of incorporation.  Instead, the Notice includes this entity's principal place of business and a blanket assertion that none of the listed entities is a citizen of Florida.  Id.  But jurisdiction cannot be properly alleged in the negative.  See AFC Franchising, LLC v. Purugganan, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. April 6, 2021).  Though this omission is not the basis for the Court's decision to remand, the Court notes that attorneys from counsel's law firm have been repeatedly instructed about properly alleging diversity of citizenship.  See Wilson v. Wal-Mart Stores East, L.P., No. 3:22-cv-656-BJD-PDB, at 2–3 (M.D. Fla. June 21, 2022) (Doc. 6) (requiring supplements to correct a similar deficiency); Kmetz v. Walmart, Inc., et al., No. 3:21-cv-952-MMH-JBT, at 3–4 (M.D. Fla. Oct. 6, 2021) (Doc. 8) (same).  Counsel must not continue to remove actions to this Court based on deficient allegations that waste judicial resources.

Plaintiff's Response and Memorandum of Law to Defendant's Reply to Show Good Cause Why This Case Should Remain in FederalCourt [sic] at 4 (Doc. 8), filed February 17, 2023.

This case arises out of an incident on September 7, 2019, when Plaintiff slipped and fell in a Wal-Mart store and suffered injuries.  See Complaint and Demand for Jury Trial ¶¶ 4, 7 (Doc. 3; "Complaint"), filed January 24, 2023. According to her Complaint, Plaintiff slipped on "a transitory substance" which was allegedly on the floor due to Wal-Mart's negligence.  See id. ¶¶ 7, 12. Though Plaintiff generally alleges present and future damages, she does not describe her injuries or expenses in any detail,[2] and only demands judgment "for an amount in excess of $30,000.00" plus costs.  Id. at 3.   In its Response, Wal-Mart contends that the amount in controversy exceeds $75,000 based on Plaintiff's general statement of her injuries, Plaintiff's civil cover sheet, and Wal-Mart's belief that Plaintiff has received treatment including "multiple surgeries and pain management."  See Response at 2, 4–5.   Specifically, Wal-Mart asserts that—as of 2020—Plaintiff has been "recommended for Right Knee arthroscopic surgery, with ACL reconstruction, a lumbar epidural steroid

---

[2] Instead, in the Complaint Plaintiff recites a boilerplate list of damages, including "injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings, and impairment of earning capacity and/or permanent aggravation of a pre-existing condition and further incurred hospital bills, medical bills, and other bills as a result of said injuries; said injuries are either permanent or controlling in their nature." Complaint ¶ 13.

injection (LESI), and is a candidate for a L5-S1 discectomy as a result of the accident." See id. at 4–5. While Wal-Mart concedes that "the amount of the surgeries is unknown," it contends that the cost of "two surgeries and a pain management procedure" will exceed the amount-in-controversy requirement. See id. at 5.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a

removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[3]

As an initial matter, the Court is not persuaded by Wal-Mart's assertion that "[c]ourts have found similar damages [to those enumerated in the Complaint] support that the amount in controversy exceeds the jurisdictional requirement." See Notice at 2. Many of the decisions Wal-Mart cites involved a complaint with specific factual detail, extrinsic evidence, or both. See Poltar v. LM Gen. Ins. Co., 473 F. Supp. 3d 1341, 1345–46 (M.D. Fla. 2020) (considering medical bills and the plaintiff's "detailed explanation of potential future medical costs"); Hudspeth v. Gov't Emp. Ins. Co., No. 6:16-cv-1960-Orl-

---

[3] The Court notes that Dart, Dudley, and Pretka all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

41KRS, 2016 WL 8221940, at *3–4 (M.D. Fla. Dec. 27, 2016) (noting that a demand letter detailed the plaintiff's injuries, and that the complaint "clearly demands judgment 'for the full amount of the uninsured motorist benefits,'" which was $400,000.00, <u>report and recommendation adopted</u>, 2017 WL 495782 (M.D. Fla. Feb. 7, 2017).[4]   The Complaint, in contrast, contains no details about Plaintiff's injuries at all.   The Court is equally unpersuaded by Wal-Mart's reliance on Plaintiff's civil cover sheet.   <u>See</u> Response at 4.   As Plaintiff acknowledges in her Response, this cover sheet is used "for data collection and clerical processing purposes only."   <u>Id.</u>   This Court has previously cautioned that a state court civil cover sheet is not to be used for any purpose other than the intended data collection and clerical processing purposes, and is not evidence of the amount in controversy in any particular civil action.   <u>See</u> <u>Potter v. Coastal Automotive Reconditioning, LLC</u>, No. 3:21-cv-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021); <u>Physicians Imaging—Lake City,</u>

---

[4] While the remaining two cases contained less specific information, the judges were persuaded that the circumstances present in those cases were sufficient to establish the amount in controversy.   <u>See</u> <u>Eichhorn v. Home Depot USA, Inc.</u>, No. 07-61250-CIV, 2007 WL 2774247, at *1 (S.D. Fla. Sept. 24, 2007) (describing allegations that a plaintiff received permanent injuries "as a result of being struck in the head by a piece of molding" (internal quotation omitted)); <u>Yetter v. Amica Mut. Ins. Co.</u>, No. 6:13-cv-972-Orl-31DAB, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (noting evidence of existing medical bills, the plaintiff's refusal to stipulate that the amount in controversy did not exceed $75,000, her repeated demands for $100,000, and the fact that her demands for policy limits were specifically based on the recommendation for a cervical discectomy fusion).   Similar additional circumstances are not present here.   And, regardless, this Court is not bound by the decisions of fellow district judges.

LLC v. Nationwide Gen. Ins. Co., No. 3:20-cv-1197-J-34JRK, 2020 WL 6273743, at *3 & n.3 (M.D. Fla. Oct. 26, 2020).   That remains true here.

Wal-Mart also submits a document describing surgical recommendations for Plaintiff.   See Response at 10.[5]   But this document specifies that it makes "future" recommendations as opposed to "current" ones.[6]   See id.   Indeed, the form indicates that Plaintiff is not presently a candidate for a lumbar discectomy, but that she may become a candidate "[i]n the future for worsening symptoms."   Id. at 11.   And pain management is recommended "if not improved."   Id. (emphasis added).   The document does not suggest that Plaintiff has undergone surgery or plans to do so.   Accordingly, it is of little value in establishing the amount actually in controversy in this action.

On this record, Wal-Mart fails to present a "plausible allegation" of the amount in controversy.   Wal-Mart's recitation of the generic, vague, and categorical allegations of the Complaint, combined with references to the civil cover sheet and the potential for future surgical intervention, do not provide the Court with any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold.   Indeed, based on the allegations in the Notice and Complaint, the Court can do no more

_____

[5] For ease of reference, the Court's citations to page numbers in documents in this record refer to the CM-ECF-stamped page numbers located at the top of each page, rather than a document's internal page numbers, if any.

[6] Though the document also includes present restrictions on walking and high-impact activity, these restrictions are "temporary."   See Response at 10.

than speculate regarding the nature and severity of Plaintiff's injuries.   Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible."   <u>Pretka</u>, 608 F.3d at 753–54 (11th Cir. 2010) (second alteration in original) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1215 (11th Cir. 2007)).   In light of Plaintiff's vague allegations of damages, and in the absence of any information regarding the nature of her injuries or the cost of her medical care, the Court is unable to determine whether the amount-in-controversy requirement is satisfied here.   Accordingly, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.

As Wal-Mart has not established a basis for the removal of this action from state court and has failed to satisfactorily allege that the amount in controversy in this case exceeds § 1332(a)'s jurisdictional threshold amount, it is hereby **ORDERED:**

The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.[7]

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of February, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc31

Copies to:

Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida

---

[7] In state court, Wal-Mart can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure.   If, through such discovery, Wal-Mart ascertains that the case is one which is or has become removable, Wal-Mart may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.